**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| LOUIS HOLLINGSWORTH,<br><br>    Plaintiff,<br><br>  v.<br><br>J. GASTELO,<br><br>    Defendant. | No. CV 19-559-VAP (PLA)<br><br>**ORDER TO SHOW CAUSE WHY PURPORTED CIVIL RIGHTS COMPLAINT SHOULD NOT BE DISMISSED AS AN IMPROPERLY FILED HABEAS PETITION** |

  Louis Hollingsworth ("plaintiff") initiated this action on December 5, 2018, by filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 ("Complaint" or "Compl.") in the United States District Court for the Northern District of California. (ECF No. 1). On January 24, 2019, the action was transferred to this Court. (ECF No. 8). Although only J. Gastelo, the Warden at plaintiff's place of incarceration, is named as a defendant in the caption of the Complaint, plaintiff names an additional seven defendants within the body of his Complaint. (Compl. at 2).

  In the Complaint, plaintiff alleges that his Eighth Amendment right to be free from cruel and unusual punishment has been violated by defendants' failure to ensure that his sentence has been calculated correctly. (Compl. at 3-4). Specifically, he states that the CDCR has calculated his earliest possible release date as July 14, 2022. (Compl. at 4, Ex. A). He submits that if his credits had been calculated properly, his earliest possible release date was July 10, 2018, and he is "now

being incarcerated beyond his lawful release date." (Compl. at 4-5). Plaintiff requests that the Court (1) issue a mandatory injunction directing defendants to apply his credits properly and recalculate his release date to July 10, 2018; (2) order defendants to show cause why plaintiff should not be released forthwith; (3) order defendants to show cause why the Court should not hold defendants in contempt for "violating a federal court-order for failure to apply those court-ordered credits to reduce plaintiff's sentences"; and (4) order defendants to reimburse plaintiff's attorney fees incurred in bringing this action.[1] (Compl. at 7).

For the reasons set forth below, plaintiff is ordered to show cause why the Complaint should not be dismissed as an improperly filed habeas petition.

**A. HABEAS IS THE APPROPRIATE REMEDY**

Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). A plaintiff cannot challenge an allegedly unlawful conviction or sentence in a federal civil rights action. A petition for habeas corpus is a prisoner's sole judicial remedy when attacking "the validity of the fact or length of . . . confinement." Preiser v. Rodriguez, 411 U.S. 475, 489-90, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Nettles v. Grounds, 830 F.3d 922, 929 (9th Cir. 2016) (the Supreme Court has "made clear that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas and that such claims may not be brought under § 1983") (en banc), cert. denied, 196 L. Ed. 2d 542 (2017). And, in Wilkinson v. Dotson, 544 U.S. 74, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005), the Supreme Court stressed:

---

[1] Because plaintiff is representing himself, he is not entitled to recover attorney fees purportedly incurred in bringing this action. See Kay v. Ehrler, 499 U.S. 432, 435, 111 S. Ct. 1435, 113 L. Ed. 2d 486 (1991) ("a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees") (emphasis in original); Elwood v. Drescher, 456 F.3d 943, 947 (9th Cir. 2006) (holding that Kay imposes a general rule that pro se litigants, attorneys or not, cannot recover statutory attorney's fees).

> [A] state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

Id. at 81-82 (emphasis in original). A civil rights complaint that appears to be seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Here, based on the Court's review of the Complaint, it appears that plaintiff is challenging the fact or duration of his sentence, and *not* his conditions of confinement. Plaintiff may not use a civil rights action to challenge the validity of his continued incarceration, seek expungement of his disciplinary conviction(s), or seek the restoration of any lost good-time credits. Such relief only is available in a habeas corpus action. Thus, plaintiff's claims are more appropriately raised in a habeas action and plaintiff may not use a civil rights action to challenge the validity of his conviction and sentence that allegedly resulted from state sentencing computational error. Such relief only is available in a habeas corpus action.

B. **CONCLUSION**

Based on the foregoing, **no later than February 21, 2019**, plaintiff must submit to the Court his response making clear his arguments, if any, as to why the Complaint should *not* be dismissed as an improperly filed habeas petition. All facts relied upon by plaintiff must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents.

Alternatively, if he **chooses to proceed with a habeas action, plaintiff shall, no later than February 21, 2019, file a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition")**,[2] as follows:

---

[2] The Court notes that prisoners filing civil rights actions, unlike prisoners filing habeas actions, are liable for the full amount of the $350 filing fee, even in the absence of funds. See 28
(continued...)

(1) The Petition **must utilize the form petition** that will accompany this Order.

(2) The Petition must be completely filled out and must clearly indicate whether petitioner (the appropriate title of the individual filing a habeas action) has exhausted his habeas claim(s) in the state courts.[3]

Alternatively, if plaintiff agrees that the action should be dismissed without prejudice as an improperly filed habeas petition, or for any other reason,[4] he may file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41"). Rule 41 allows for the voluntary dismissal of an action without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987). The opposing party has not yet appeared in this action.

**IT IS FURTHER ORDERED** that if a response to the Order to Show Cause, or alternatively a completed habeas Petition or Notice of Dismissal is not received **by February 21, 2019**, the dismissal of the instant action will be recommended for failure to state a claim pursuant to 42 U.S.C. § 1983, failure to prosecute, and/or failure to comply with this Order and governing case law.

---

[2](...continued)
U.S.C. § 1915(b)(1); Naddi v. Hill, 106 F.3d 275 (9th Cir. 1997) (in forma pauperis provisions of section 1915, as amended by the Prison Litigation Reform Act of 1995, do not apply to habeas actions). In contrast, the filing fee for a habeas petition is $5, which may be waived if the Court grants a Request to Proceed In Forma Pauperis. 28 U.S.C. § 1914(a).

[3] As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Exhaustion requires that a petitioner's contentions be fairly presented to the *state* supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). A petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845.

[4] For example, petitioner may determine that before he files a habeas petition he will need to exhaust his claim(s) in the state supreme court.

The Court Clerk is directed to send plaintiff a blank Petition for Writ of Habeas Corpus by a Person in State Custody, and a copy of a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)," along with this Order.

DATED: January 28, 2019

/s/ - Paul L. Abrams
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE