UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LOUIS HOLLINGSWORTH,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>J. GASTELO,<br><br>　　　　　Defendant. | No. CV 19-559-VAP (PLA)<br><br>**ORDER DISMISSING ACTION AS AN IMPROPERLY FILED HABEAS PETITION** |

　　　Louis Hollingsworth ("plaintiff") initiated this action on December 5, 2018, by filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 ("Complaint" or "Compl.") in the United States District Court for the Northern District of California. (ECF No. 1). On January 24, 2019, the action was transferred to this Court. (ECF No. 8). Although only J. Gastelo, the Warden at plaintiff's place of incarceration, is named as a defendant in the caption of the Complaint, plaintiff names an additional seven defendants within the body of his Complaint. (Compl. at 2).

　　　In the Complaint, plaintiff alleges that his Eighth Amendment right to be free from cruel and unusual punishment has been violated by defendants' failure to ensure that his sentence has been calculated correctly. (Compl. at 3-4). Specifically, he states that the CDCR has calculated his earliest possible release date as July 14, 2022. (Compl. at 4, Ex. A). He submits that if his credits had been calculated properly, his earliest possible release date was July 10, 2018, and he is "now

being incarcerated beyond his lawful release date." (Compl. at 4-5). Plaintiff requests that the Court (1) issue a mandatory injunction directing defendants to apply his credits properly and recalculate his release date to July 10, 2018; (2) order defendants to show cause why plaintiff should not be released forthwith; (3) order defendants to show cause why the Court should not hold defendants in contempt for "violating a federal court-order for failure to apply those court-ordered credits to reduce plaintiff's sentences"; and (4) order defendants to reimburse plaintiff's attorney fees incurred in bringing this action.[1] (Compl. at 7).

On January 28, 2019, the Magistrate Judge ordered plaintiff to show cause why the Complaint should not be dismissed as an improperly filed habeas petition. (ECF No. 11). On February 19, 2019, plaintiff filed a Response to the Order to Show Cause. (ECF No. 12).

**A.    HABEAS IS THE APPROPRIATE REMEDY**

Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). A plaintiff cannot challenge an allegedly unlawful conviction or sentence in a federal civil rights action. A petition for habeas corpus is a prisoner's sole judicial remedy when attacking "the validity of the fact or length of . . . confinement." Preiser v. Rodriguez, 411 U.S. 475, 489-90, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Nettles v. Grounds, 830 F.3d 922, 929 (9th Cir. 2016) (the Supreme Court has "made clear that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas and that such claims may not be brought under § 1983") (en banc), cert. denied, 196 L. Ed. 2d 542 (2017). And, in Wilkinson v.

---

[1]    Because plaintiff is representing himself, he is not entitled to recover attorney fees purportedly incurred in bringing this action. See Kay v. Ehrler, 499 U.S. 432, 435, 111 S. Ct. 1435, 113 L. Ed. 2d 486 (1991) ("a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees") (emphasis in original); Elwood v. Drescher, 456 F.3d 943, 947 (9th Cir. 2006) (holding that Kay imposes a general rule that pro se litigants, attorneys or not, cannot recover statutory attorney's fees).

Dotson, 544 U.S. 74, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005), the Supreme Court stressed:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

Id. at 81-82 (emphasis in original). A civil rights complaint that appears to be seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Here, based on this Court's review of the Complaint and Response, plaintiff is challenging the fact or duration of his sentence, and *not* his conditions of confinement. Indeed, in his Response, plaintiff asserts that the Magistrate Judge "misread and misconstrued" his Complaint, in that the "gravamen" of his Complaint is that he has been deprived of a "federal right to be released to reduce prison overcrowding," and is being subjected to cruel and unusual punishment. Response, at 2. But his purported right to be released immediately speaks directly to the invalidity of his confinement or its duration; and his cruel and unusual punishment argument is based on him allegedly serving "an excessive and disproportinate [sic] term." Id. As the Magistrate Judge advised, plaintiff may not use a civil rights action to challenge the validity of his continued incarceration, seek expungement of his disciplinary conviction(s), or seek the restoration of any lost good-time credits. Such relief only is available in a habeas corpus action. Thus, plaintiff's claims must be raised in a habeas action and plaintiff may not use a civil rights action to challenge the validity of his conviction and sentence that allegedly resulted from state sentencing computational error. Such relief only is available in a habeas corpus action.

**B.     CONCLUSION**

Based on the foregoing, plaintiff's Complaint is **dismissed without prejudice** to filing a habeas petition, once he has exhausted his claims(s) in the state courts. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (ECF No. 4) is **denied**.

DATED: March 8, 2019

_____
HON. VIRGINIA A. PHILLIPS
CHIEF UNITED STATES DISTRICT JUDGE